FILED

2004 FEB -2 A 9: 25

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIONNE CALDWELL, Individually on behalf of herself and all others similarly situated<br>Plaintiff | : CIVIL ACTION NO:<br>: 3:03 CV 6649 (CFD)<br>: |
| vs. | : |
| WINDHAM PROFESSIONALS, INC.<br>Defendant | : JANUARY 30, 2004 |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

I. **PLAINTIFF LACKS AN APPROPRIATE CLASS DEFINITION, AND THEREBY HAS NOT MADE A SUFFICIENT SHOWING AS TO NUMEROSITY**

Plaintiff concedes that when she first moved for class certification, perhaps prematurely, that she had no idea how many class members there were, if any, who were similarly circumstanced. Now, based upon the plaintiff's supplemental submission, the plaintiff argues that merely because plaintiff's counsel has purported to identify forty or more accounts which counsel believes fit the class definition, that the numerosity requirement (impracticability of joinder) has been satisfied fully.

However, the class definition utilized by the plaintiff does not take into account potential differences in facts relating to the prospective class members identified. In short, plaintiff has not made any showing that the prospective members are, in fact, similarly situated.

Without such a showing, there is no appropriate class definition and no class. Plaintiff's definition ignores any differences in the underlying contractual or debt obligations, differences in the state where the transaction took place and differences in the law applicable to transactions that took place in other jurisdictions. Moreover, the plaintiff has made no showing that the debts of prospective class members in question are all debts within the meaning of the FDCPA. See U.S.C. §1692(a)(5).

## II. PLAINTIFF'S FAILURE TO ACCOUNT FOR DIFFERENCES AS TO EACH OF THE ACCOUNTS UNDERMINES ANY SHOWING AS TO COMMONALITY OR TYPICALITY.

Plaintiff has conclusorily argued that claims of commonality and typicality are satisfied merely by virtue of the presence of a single similar legal issue and the plaintiff's stated intention to pursue actual damages on behalf of those, other than she, who may have such a claim. This, too, is a gross oversimplication. It is not enough that there may be a single legal question common to proposed class members. If, as here, numerous proposed class members present differing legal issues essential to their claims, under differing facts, typicality and commonality is lacking.

For example, plaintiff has identified a number of accounts described as a "loan." Plaintiff, however, has made no showing as to the consumer purpose of any such loan, something which may vary borrower by borrower. Plaintiff has identified accounts which concern parking fines or dorm damage; debts which arguably are not even subject to the FDCPA. See Zimmerman v. HBO, 834 F.2d 1163 (3rd Cir. 1987); Shorts v. Palmer, 155

F.R.D. 172 (S.D. Ohio 1994) [tort claims not subject to FDCPA]; <u>Riebe v. Juergenmeyer and Associates</u>, 979 F. Supp. 1218 (N.D. Ill. 1997)[penalties and fines not subject to the FDCPA].

Plaintiff has failed to consider whether the debts were incurred in another jurisdiction, or whether the applicable law governing the underlying transaction is the law of a jurisdiction other than Connecticut. See, e.g. references to Commonwealth of Massachusetts loans; Dean College loans (Mass)[1].

Plaintiff has also failed to consider that claims for actual damages, if any, necessarily vary on a case by case basis. Such determinations would require consideration of the dates and amounts of payments whether payments, were partial or full, the actual amount of any collection fees and the manner in which a debtor instructed the collection agency to apply payments, if at all. The commonality and typicality standard does not generally contemplate the necessity of such individualized determinations.

### III.   THERE IS A UNIQUE DEFENSE APPLICABLE TO NAMED PLAINTIFF

At pages 4-9 of the supplemental submission, counsel attempts to argue that the offer of judgment made to plaintiff does not render the class action moot. Recognizing that there is a split of authority on the impact of an offer of judgment on a class action, even without resolving differences in these cases, the plaintiff ignores completely the well settled rule in this Circuit that the existence of a defense unique to the named plaintiff necessitates a denial of class certification. E.g. <u>Gary Plastic Packaging v. Merrill Lynch</u>, 903 F.2d 176, 180 (2d

---

[1] Plaintiff has intentionally excluded student loans from her class definition, but has, for some reason, chosen to include loans from Dean College.

Cir.1990). Here, the mootness of the plaintiff's individual claim gives rise to such a defense.

As to the question of the Court's lack of subject matter jurisdiction, defendant submits that the decisions which fail to dismiss because the offer of judgment was not made before the motion for class certification was filed are incorrect. Such a standard leads to the absurd result, as occurred here, that plaintiff makes it motion for class certification prematurely, without the necessary underlying record, solely for the purpose of preempting an offer of judgment which would eliminate any justiciable controversy between the named plaintiff and the defendant.

Certainly resolution of litigation is to be encouraged, and a resolution of the individual claim will not prejudice prospective class members at all. Any such class member who feels sufficiently wronged is free to bring a claim of their own. This is especially true with claims under the FDCPA, where the statute provides for attorney's fees to the prevailing plaintiff. One need only look at the plaintiff's counsel's affidavit to see that most claims they have pursued under the FDCPA are individual claims. Also, this District is no stranger to individual claims under the FDCPA brought by numerous other counsel. There is no impediment to litigating under the FDCPA, as distinguished from class claims where the individual damage claims are small and attorneys fees are not available under the applicable legal theory.

The suggestion that the class action provides necessary deterrence is completely unsupported. There is no reason why a prudent defendant would or could not change its

practices, if improper, in the face of one or more individual claims rather than a much larger, more complex class action.

## IV. THE SHOWING AS TO ADEQUACY OF COUNSEL AND THE NOMINAL PLAINTIFF IS INSUFFICIENT.

The plaintiff's submissions regarding her own adequacy are self-serving and conclusory. In fact, the plaintiff has almost no understanding of the way this action will work, how the costs and expenses will be borne, what damages she is seeking. Plaintiff's Deposition at 31-37. Plaintiff was merely able to parrot her counsel's oversimplified contention that, "We all have the same claim with Windham." The plaintiff's testimony and her affidavit does not give any indication of a sufficient understanding to make independent, informed judgments about the case and the course of action to be followed other than that put forth by her attorneys.

The plaintiff's counsel's submissions are equally self-serving and conclusory. Plaintiff's counsel maintains that they will advance the costs of this action, but they have not discussed the amount or nature of those costs and their ability to bear them. The plaintiff's counsel has intentionally refused to disclose the nature of their arrangement concerning costs with their client and have expressly refused to produce their retainer letter.

Overall, plaintiff's counsel has made a conclusory showing for a plaintiff who has abdicated virtually all responsibility in the case to counsel, the people who clearly have the most to gain financially from the prosecution of the matter as a class action.

## V. THE PLAINTIFF HAS FAILED TO ANALYZE THE SUPERIORITY OF THE CLASS ACTION DEVICE IN THIS CASE.

The arguments presented by the plaintiff in favor of the superiority of the class action are generic, arguments which would suggest that a class action is always superior.

What is completely absent from the plaintiff's analysis is any meaningful comparison of the available recoveries in a class action, as opposed to an individual action. See Fed. R. Civ. Pro. 23 (b)(3)(A). In fact, so disinterested in any such comparison was the plaintiff, she has done nothing to discover relevant information concerning such an analysis.

Due to the inherent limitations of the class action device, 15. U.S.C. §1692k(a)(B), the plaintiff might find, depending on the ultimate number of class members ( as yet uncertain) and the net worth of the defendant (information not sought by plaintiff), that the potential recovery could be substantially less than that available in an individual action and might even be de minimis. See Clement v. American Honda Finance Corp., 176 F.R.D. 15. (D. Conn. 1997) (in which class certification was revoked after such analysis]. Here, plaintiff has presented no record or analysis from which the court may consider facts essential to the superiority determination. As a result, even if the plaintiff met every other criterion for class treatment, the showing as to superiority would be inadequate to support class certification.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for class certification should be denied.

THE DEFENDANT,
WINDHAM PROFESSIONALS, INC.

By _____
Jonathan D. Elliot (JDE3654)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8969

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing has been mailed this 30th day of January, 2004 postage prepaid, to:

>Daniel S. Blinn, Esq.
>Matthew T. Theriault, Esq.
>Sarah Poriss, Esq.
>Consumer Law Group, LLC
>2138 Silas Deane Highway
>P.O. Box 1039
>Rocky Hill, CT 06067-9997

_____
Jonathan D. Elliot