UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| **DIONNE CALDWELL, INDIVIDUALLY AND** | ) | **CASE NUMBER:** |
| **ON BEHALF OF ALL OTHERS SIMILARLY** | ) | **3-03-cv-664 (CFD)** |
| **SITUATED,** | ) | |
| **Plaintiff** | ) | **JOINT MOTION FOR** |
| | ) | **PRELIMINARY APPROVAL OF** |
| | ) | **SETTLEMENT AGREEMENT,** |
| **v.** | ) | **CONDITIONAL** |
| | ) | **CERTIFICATION OF** |
| | ) | **SETTLEMENT CLASS, AND** |
| | ) | **APPROVAL OF FORM AND** |
| **WINDHAM PROFESSIONALS, INC.** | ) | **MANNER OF NOTICE** |
| **Defendant** | ) | |
| | ) | **August 19, 2004** |

_____

Plaintiff, Dionne Caldwell, and Defendant, Windham Professionals, Inc. ("Windham"),

collectively, the "Settling Parties," respectfully move the Court for an order (i) granting

preliminary approval to the attached *Settlement Agreement And Release* ("*Settlement*

*Agreement*"); (ii) certifying a class for settlement purposes only, as provided in the *Settlement*

*Agreement*; (iii) allowing notice to the class by first-class mail as provided for in the "*Notice of*

*Pendency of Class Action, Proposed Settlement and Hearing*" annexed as *Exhibit C* to the

*Settlement Agreement,* in the manner described therein; (iv) prescribing a period of time within

which class members may submit requests to be excluded from the class or file objections to the

settlement of the action; and (v) setting a date for a hearing on final approval of the proposed

settlement.

In support of this motion, the Settling Parties state as follows:

1.   Plaintiff commenced this action in April 2003, on behalf of a class of individuals who had been subjected to collection attempts on account of a consumer obligation, other than a student loan, by Windham, who sought fees for collection in an amount in excess of 15% of the amount sought to be collected.  Plaintiff alleges in her *Amended Class Action Complaint*[1] that Windham violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Conn. Gen. Stat. § 36a-805, by attempting to collect fees associated with the collection of the debt in an amount in excess of that permitted by law.

2.   Windham has contested the claims advanced in the *Amended Class Action Complaint*, and has denied all liability as well as plaintiff's material allegations.

3.   Plaintiff's proposed class (the "Class") as defined in the *Amended Class Action Complaint* is comprised of individuals whose debts, other than student loans, were incurred in Connecticut and who are similarly situated to the Plaintiff, in that between April 14, 2002 and the date that Defendant's practice of charging collection fees in an amount in excess of 15% of the amount sought to be collected is terminated, they are being subjected to collection attempts on account of these consumer obligations, by Windham, who seeks fees for collection in an amount in excess of 15% of the amount sought to be collected.

4.   In the course of discovery, Class Counsel conducted an investigation relating to Plaintiff's and Class Members' claims and the underlying events and transactions alleged in the

*Amended Class Action Complaint.*

5.     In order to resolve the claims asserted in this action and to avoid the burdens, cost, and uncertainties of further litigation, the Settling Parties have agreed to a proposed settlement that will provide for the reimbursement, to each Class Member who has paid the collection fee, the full of amount of the fee so paid.  Defendant shall reduce the accounts of all class members who have not paid the collection fee, by the amount that the collection fees exceed 15% and will correct all reports to credit bureaus accordingly.  The proposed agreement will also provide for the disbursement of checks in the amount of $31.25 to all class members for whom the Defendant can obtain a valid address.  The awards for class members who cannot be located will revert back to Windham.  The total benefit that the Class Members receive from this proposed settlement (in the aggregate, the "Affirmative Settlement Fund") will *not* be subject to reduction by any administrative fees or attorneys' fees and costs, because as additional consideration, Windham has agreed to make an additional payment of reasonable attorneys' fees and a reasonable class representative fee in amounts to be established by the Court after a hearing and not to exceed $27,000 for attorney's fees or $1,500 for a class representative fee, and to pay costs for notice as set forth in the Settlement Agreement.

6.     The proposed settlement is the product of serious, informed, non-collusive negotiations by counsel experienced in litigation and class actions that occurred during times in which the parties were engaged in formal and informal discovery.   It was negotiated with the

---

[1] Plaintiff filed an Amended Class Action Complaint on May 26, 2004 in which she changed the class.

assistance of Special Master Raymond Green.  The proposed settlement has no obvious deficiencies, does not improperly grant preferential treatment to counsel or to certain segments of the Class, and, in the opinions of the undersigned, falls well within the range of fairness to the Class Members.  Further, the proposed form of notices and manner of delivering them (by first-class mail to a list of class members at their last-known or forwarding home addresses, coupled with subsequent reasonable efforts to locate new addresses including the utilization of skip-tracing tools) is the best notice practical under the circumstances and falls well within the requirements of procedural due process.

    WHEREFORE, the Settling Parties hereby request that the Court enter its Order (i) certifying a class for settlement purposes only, as provided in the *Settlement Agreement*, (ii) allowing notice to go to the Class Members by first-class mail, as provided for in the *Notice of Pendency of Class Action, Proposed Settlement and Hearing* annexed as *Exhibit C* to the *Settlement Agreement*, in the manner described therein; (iii) prescribing a period of time within which Class Members may submit requests to be excluded from the class or file objections to the settlement of the action; and (iv) setting a date for a hearing on final approval of the proposed settlement.

    RESPECTFULLY SUBMITTED this ___ day of _____, 2004.

- 4 -

**PLAINTIFF**


By: _____
       Daniel S. Blinn,  ct02188
       dblinn@consumerlawgroup.com
       Matthew T. Theriault,  ct23077
       mtheriault@consumerlawgroup.com
       Sarah Poriss, ct24372
       sporiss@consumerlawgroup.com
       Consumer Law Group, LLC
       P. O. Box 1039   2138 Silas Deane Highway
       Rocky Hill, Connecticut 06067-9997
       Tel. (860) 571-0408  Fax (860) 571-7457


       **DEFENDANT,** Windham Professionals, Inc.
       Group, Inc**.**


By: _____
       Jonathan D. Elliot,  ct18879
       Sabato Pellegrino Fiano,  ct05762
       Kleban & Samor, PC
       2425 Post Road, P.O. Box 763
       Southport, CT 06490
       Tel. (203) 254-8968 Fax. (203) 259-9617