UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIONNE CALDWELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>    Plaintiff<br>v.<br><br>WINDHAM PROFESSIONALS, INC.<br>    Defendant | CASE NUMBER:<br>3-03-cv-664 (CFD)<br><br>SETTLEMENT AGREEMENT AND RELEASE<br><br>August 19, 2004 |

## SETTLEMENT AGREEMENT & RELEASE

This *Settlement Agreement and Release* dated August 19, 2004 (the *"Settlement Agreement"*) is submitted pursuant to F.R.C.P. Rule 23(e), and incorporates the definitions set forth below. Subject to the approval of the Court, this *Settlement Agreement* is entered into between the Plaintiff, Dionne Caldwell ("Plaintiff"), on her own behalf and on behalf of the Class Members (the "Class"– as defined below and in the *Amended Complaint*), and Windham Professionals, Inc. ("Windham"), by and through their respective counsel.

**WHEREAS:**

A. This consumer class action was commenced on April 14, 2003 and the Defendant was served on April 24, 2003. The *Amended Complaint* alleges that Windham violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect fees associated with the collection of the debt in excess of that permitted by applicable state law. Plaintiff sought

actual damages, statutory damages, attorney's fees and costs, for herself and the Class Members.

  B. Class Counsel has conducted an investigation relating to Plaintiff's and Class Members' claims and the underlying events and transactions alleged in the *Amended Complaint*, including formal and informal discovery.

  C. Plaintiff, by and through Class Counsel, has engaged in discussions and arm's length negotiations with Windham's counsel with respect to a compromise and settlement of the action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.

  D. Pursuant to 15 U.S.C. §1692k, the total possible recovery for statutory damages that Plaintiff and Class Members could recover in this case would be 1 per centum of Defendant's net worth or approximately $20,000, which amount, when divided among the approximately 248 class members, yields a total possible recovery of $81 per class member.

  E. In light of this maximum permitted recovery, and based on the investigation and pretrial discovery as set forth above, Class Counsel, while maintaining that Plaintiff and Class Members would ultimately prevail on all issues in this lawsuit, have concluded that the terms and conditions of this *Settlement Agreement* are fair, reasonable, and adequate to Plaintiff and to Class Members and in their best interests, and Plaintiff has agreed to settle the claims raised in the action, subject to the approval of this Court, pursuant to the terms and provisions of this *Settlement Agreement*, after considering (a) the benefits that Plaintiff and Class Members will receive from settlement of the action, (b) the attendant risks of litigation, and (c) the

desirability of permitting a settlement to be consummated as provided by the terms of this *Settlement Agreement*.

 F. Windham denies any wrongdoing or liability whatsoever with respect to any allegation or claim in the *Amended Complaint*, and this *Settlement Agreement* shall in no event be construed or deemed to be evidence of an admission or concession on the part of Windham with respect to any allegation or claim, or of any wrongdoing or liability whatsoever, or any infirmity in any of the defenses that Windham may have asserted in the action. Nor shall this *Settlement Agreement* be construed or deemed to be a concession by Plaintiff of any infirmity in the claims asserted in the action.

 G. Windham, while continuing to deny all allegations of liability, also desires to settle, compromise and terminate Plaintiff's and Class Members' claims against it to avoid the further substantial expense, inconvenience, and distraction of burdensome and protracted litigation, and to put to rest forever all claims which have or could have been asserted against Windham in this Action or elsewhere, which arise from or are in any way related to the acts, transactions or occurrences alleged in the *Amended Complaint*.

 NOW THEREFORE, without any admission or concession whatsoever on the part of Plaintiff of any lack of merit of the action, and without any admission or concession whatsoever of any liability or wrongdoing or lack of merit in the defenses by Windham, it is hereby STIPULATED AND AGREED, by and among the parties to this *Settlement Agreement*, through their respective attorneys, subject to approval of the Court pursuant to F.R.C.P. Rule 23(e) § 9-8, in consideration of the benefits flowing to the parties hereto from

the Settlement (as defined below), that all Settled Claims (as defined below) shall be FULLY AND FINALLY COMPROMISED, SETTLED, RELEASED AND DISMISSED WITH PREJUDICE, upon and subject to the terms and conditions set forth below:

CERTAIN DEFINITIONS

1. As used in this *Settlement Agreement*, the following terms shall have the following meanings:

    a. "Class" means individuals who meet the criteria set forth in paragraphs 11 and 12 of Plaintiff's *Amended Complaint*, and who are identified on the list attached hereto as *Exhibit A*.

    b. "Class Member" means each person who is in the Class and who is listed on *Exhibit A* attached hereto, who has not submitted a Request for Exclusion as provided in Paragraph 8.

    c. "Class Period" means the period of time after April 14, 2002.

    d. "Court" means United States District Court, District of Connecticut, in Hartford, Connecticut.

    e. "Defendant" means Windham Professionals, Inc. ("Windham").

    f. "Defendant's Counsel" means Jonathan D. Elliot and Sabato Pellegrino Fiano of Fiano, Kleban & Samor, PC.

    g. "Plaintiff's Counsel" and/or "Class Counsel" means Daniel S. Blinn,

Matthew T. Theriault and Sarah Poriss of Consumer Law Group, LLC.

  h. "Effective Date" means the date upon which the Settlement contemplated by this *Settlement Agreement* shall become effective, as set forth in paragraph 12 below.

  i. "Order Concerning Class Certification, Notice and Scheduling" means the proposed order in the form attached hereto as *Exhibit B*.

  j. "Mailed Notice" means the "Notice of Pendency of Class Action, Proposed Settlement and Hearing", which is to be sent by mail to Class Members in the form attached hereto as *Exhibit C*.

  k. "Order and Final Judgment of Dismissal" means the proposed order in the form attached hereto as *Exhibit D*.

  l. "Released Parties" means Windham and any entities and persons who acted or who may have been alleged to have acted in concert with Windham, together with each of their respective present, former or future directors, officers, partners, associates, employees, agents, servants, accountants, auditors, insurers, reinsurers, appraisers, investment advisers, underwriters, attorneys, brokers, subsidiaries, affiliates, successors, assigns (whether express or by implication or operation of law), heirs, executors, personal representatives, estates, administrators, and legal representatives.

  m. "Settled Claims" means any and all direct, representative, individual or class rights, claims, and causes of action, of any nature whatsoever, whether known or unknown, pled or unpled, for compensatory damages, punitive damages, or any other relief, monetary or injunctive, which were or might have been brought by any Class Member, individually or on

5

behalf of others, whether brought under state or federal law of the United States, against the Released Parties, based upon, arising out of, or in any way related to acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences before or during the Class Period relating to or arising out of the Defendant's debt collection practices and procedures, including any and all claims which were or which could have been brought in any of the complaints that were filed in this Action, including, without limitation, any allegation or claim in the proposed *Amended Complaint*.

    n. "Settlement" means the settlement contemplated by this *Settlement Agreement*.

  2. This lawsuit is being settled to avoid the expense, inconvenience, and uncertainty of further litigation. Windham does not admit, either expressly or implicitly, that it is subject to any liability whatsoever by reason of any of the matters alleged in this lawsuit. Windham denies all such liability and denies that it has committed any violation of law.

  3. As to each Class Member who has not requested exclusion from the Class pursuant to the procedures set forth in paragraph 8 below, in full settlement and compromise of the claims against Defendant as set forth herein and in the *Amended Complaint*, the following events will occur within ten days after the Effective Date:

    a. Defendant shall reimburse each Class Member, who has paid collection fees of greater than 15% the difference between the fee paid and 15% of the underlying debt.

    b. Defendant shall reduce the accounts of all class members who have not paid the collection fee by the amount that the collection fees exceed 15% and will correct all

reports to credit bureaus accordingly.

      c. Defendant shall pay statutory damages in the amount of $31.25 to each class member who can be located.

      d. Windham shall certify to the Court that all checks to the class members were issued in the amounts required by the subparagraph 2(c) and mailed within the time limit provided herein, all of which shall be subject to review by Class Counsel or their designees. If the Court's approval of the *Settlement Agreement* does not become final, no cash payment will be made.

    4. Windham shall pay, subject to Court approval and in addition to and not out of its payments to the Class Members described in paragraph 3 above:

      a. to Class Counsel, reasonable attorneys' fees of $27,000.

      b. to Plaintiff Dionne Caldwell, a class representative fee of $1,500.

    5. As soon as is reasonably practicable, the Settling Parties shall apply jointly to the Court for an *Order Concerning Class Certification, Notice and Scheduling* substantially in the form of *Exhibit B* and which addresses, among other things:

      a. Approving, as to form and content, the proposed *Mailed Notice* attached hereto as *Exhibit C* and the mailing of the *Mailed Notice* by first class mail to all Class Members identified in the *Class List*;

      b. Prescribing a period of time during which Class Members may submit a request to be excluded from the Class or object to the Settlement of this lawsuit; and

      c. Scheduling a final Hearing to consider the approval of the Settlement and

dismissal of this lawsuit.

    6.    Subject to approval by the Court, the Settling Parties stipulate and agree that notice will be provided according to the following procedures:

        a.    Defendant shall deliver by first-class mail the *Mailed Notice* to all Class Members identified on the *Class List* at their addresses appearing thereon. Any notices returned to Defendant:

            i.    with a forwarding address on them shall be forwarded by Defendant.

            ii.    without a forwarding address on them, shall be examined by Defendant, who will undertake additional efforts to locate these Class Members, including utilization of skip-tracing tools and resources that it regularly utilizes in its business and shall forward the notices to those class members, for whom more recent addresses are obtained.

        b.    All parties shall have a continuing obligation to inform the other parties of any additions, changes, updates or corrections to the *Class List*.

    7.    The *Mailed Notice* shall be substantially in the form attached hereto as *Exhibit C*. The *Mailed Notice* to Class Members shall provide for exclusion of individuals from the Class upon their written request for exclusion, mailed to Class Counsel and postmarked on or before the date specified in the *Mailed Notice* and shall contain an opt-out form for this purpose. Proof of mailing shall be submitted to the Court as part of the application for final approval of the Settlement.

    8.    Any Class Member may elect to be excluded from this Settlement and from the

8

Class by opting out of the Class. Any such Class Member must give written notice of the election to be excluded to Class Counsel. The opt-out request must be substantially in the form of the Opt-Out Form contained in the *Mailed Notice* attached hereto as *Exhibit C* and must be postmarked on or before the date specified in the *Mailed Notice.*

9. At least ten (10) days prior to the Hearing, Class Counsel shall apply to the Court for (i) an award of reasonable attorneys' fees and costs, in an amount not greater than $27,000, and (ii) a class representative fee in an amount not greater than $1,500 to Plaintiff. These fees are to be paid by Windham in addition to, and not out of, payments Windham makes to the Class Members, and shall be paid to Class Counsel within ten days of the Effective Date, notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or such collateral attack as may be permitted by law on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to Windham if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed. It is specifically understood and agreed that any award of reasonable attorneys' fees and costs and the class representative fee shall constitute the exclusive award of fees, expenses and costs pursuant to this *Settlement Agreement*. Windham agrees not to oppose the application for these fees and hereby stipulates that they are reasonable. The parties represent that attorney's fees were not negotiated until after they had completed negotiating all of the substantive benefits to be received by the Class Members.

10. At the time of the Hearing to approve this *Settlement Agreement*, the Settling

9

Parties shall jointly move the Court for an *Order and Final Judgment of Dismissal*, substantially in the form annexed hereto as *Exhibit D*, dismissing the claims asserted in this lawsuit with prejudice and on the merits. The dismissal shall not be asserted or construed to extinguish or bar the assertion of any Class Members' claims, if any, which are not otherwise extinguished or barred by the release provided for in paragraph 13 below.

11. Any Class Member who does not opt out of the Settlement shall be bound by all of the terms of this *Settlement Agreement*, including the terms of the Judgment to be entered in this lawsuit and the releases provided for in this *Settlement Agreement*, and shall be barred from bringing any lawsuit against the Released Parties concerning any of the Settled Claims.

12. The Settlement Agreement shall become effective (the "Effective Date") only upon satisfaction of each and all of the following conditions, unless otherwise specified herein or unless one or more of such conditions is waived or modified by Class Counsel and the Defendant's Counsel:

   a. full execution of the Settlement Agreement by the Class Counsel and the Defendant's Counsel;

   b. entry of the Order Concerning Class Certification, Notice and Scheduling, substantially in the form of *Exhibit B*;

   c. entry of the Order of Final Judgment, substantially in the form of *Exhibit D*; and

   d. the Order of Final Judgment becoming final, that is:

      i. if an appeal is not taken and review is not sought by any person

10

from the Order of Final Judgment in the action, the 31st day after the entry of the Order of Final Judgment; or

    ii. if any person moves for an extension of the date for taking an appeal or seeking review in the Action, the fifth day after the date of entry of an order denying such motion (if such motion is denied and such day is later than the 31st day after entry of such Order of Final Judgment); or

    iii. the fifth day after the date of expiration of the extension if an appeal is not taken or review is not sought (if such motion is granted); or

    iv. if an appeal is taken or review is sought from the Order of Final Judgment in the action, the fifth day after the date on which the right of subsequent appeal expires.

  e. For purposes of subparagraph (d)(iv), the term "right of subsequent appeal" shall mean not only any such right as established by law but also any application addressed to the discretion of a court, including, but not limited to an application for rehearing or reargument.

  f. The Effective Date shall not be delayed if an appeal is taken from or review is sought of the Order of Final Judgment or any other order in the action if such appeal or petition for review solely challenges the amount of attorneys fees and expenses allowed by the Court.

  13. Upon the Effective Date, and subject to the contingencies contained herein, Plaintiff and each Class Member, as well as their heirs, successors, assigns, agents, attorneys,

officers, directors, employees, shareholders, partners, and any other person acting on their behalf, shall be deemed (i) to have fully released and forever discharged each of the Released Parties from and against the Settled Claims; and (ii) to have covenanted not to sue any Released Party in any court in respect to any Settled Claims.

14. With the exception of such action as may be necessary to enforce this *Settlement Agreement*, the Plaintiff and all Class Members shall not voluntarily institute, promote, participate in, submit, file, or permit to be filed on their behalf, any lawsuit, charge, claim, complaint, or other proceeding relating to the Settled Claims identified in this *Settlement Agreement*.

15. If more than 20 persons eligible for Class Membership elect to opt out of the Class, Windham may elect to withdraw from this *Settlement Agreement* by providing written notice to Class Counsel of such election not later than five days before the final Hearing, in which case this *Settlement Agreement* shall be of no force and effect.

16. In the event this *Settlement Agreement* is terminated, this lawsuit shall thereupon revert forthwith to its status prior to the date of the execution of the *Settlement Agreement* and shall proceed as if the *Settlement Agreement* and related Orders and papers had not been executed. In that event, the *Settlement Agreement* and any amendment thereof shall be null and void and without further force and effect and shall not be used or referred to for any purpose whatsoever. Upon such termination, each party shall be restored to his, her, or its respective position as it existed prior to the execution of the *Settlement Agreement*.

17. This *Settlement Agreement*, whether or not consummated, and any proceedings

taken pursuant to it, shall not be:

    a. Offered or received against the Defendant as evidence of:

        i. Any presumption, concession, or admission by the Defendant of the truth of any fact alleged by the Plaintiff or the validity of any claim that has been or could have been asserted in this lawsuit or in any litigation, or the deficiency of any defense that has been or could have been asserted in this lawsuit in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant; or

        ii. A presumption, concession or admission of any:

            (1) fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant, or any other conduct of the Defendant, or as evidence of any infirmity in the claims of the Plaintiff and the Class; or

            (2) liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this *Settlement Agreement*, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this *Settlement Agreement*; provided, however, that if this *Settlement Agreement* is approved by the Court, Defendant may refer to it to effectuate the liability protection granted to it hereunder; nor

    b. Construed against Defendant or the Plaintiff or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after further proceedings in this lawsuit, summary judgment and trial.

13

18. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

19. The parties to this *Settlement Agreement* intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims.  Defendant agrees that this lawsuit is being voluntarily settled and that the terms of the Settlement are fair, adequate and reasonable.  The parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties hereto and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

20. The administration and consummation of the Settlement as embodied in this *Settlement Agreement* shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders, providing for awards of attorneys' fees and costs to Class Counsel, a class representative fee to the Plaintiff, and enforcing the terms of this *Settlement Agreement*.  The reservation of jurisdiction by the Court over these matters will not affect the finality of the *Order and Final Judgment of Dismissal* in any way.

21. The Court has made no finding that Defendant engaged in any wrongdoing or wrongful conduct or otherwise acted improperly or in violation of any law, regulation, or duty in any respect.

22. The fairness, reasonableness, and adequacy of the Settlement may be considered and ruled upon by the Court independently of any award of fees or disbursements requested by Class Counsel or Plaintiff.

23. The waiver by one party of any breach of this *Settlement Agreement* by any other party shall not be deemed a waiver of any other prior or subsequent breach of this *Settlement Agreement*.

24. This *Settlement Agreement* and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of this lawsuit, and no representations, warranties, or inducements have been made by any party hereto concerning this *Settlement Agreement* and its exhibits other than those contained and memorialized in such documents.

25. The parties may request that the Court allow reasonable extensions of time to carry out any of the provisions of the *Settlement Agreement*.

26. This *Settlement Agreement* may be executed in one or more counterparts, each of which shall be effective as an original, and may be executed by facsimile transmission of the parties' respective signatures. All executed counterparts shall be deemed to be one and the same instrument, provided that counsel for the parties to this *Settlement Agreement* shall exchange among themselves original signed counterparts. An original *Settlement Agreement* shall be filed with the Court.

27. This *Settlement Agreement* shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

28. The construction, interpretation, operation, effect and validity of this *Settlement Agreement*, and all documents necessary to effectuate it, shall be governed by the substantive law of the State of Connecticut.

29. All persons executing this *Settlement Agreement* and any of the exhibits hereto, or

any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the *Settlement Agreement* to effectuate its terms.

30. The parties, Class Counsel, and the Defendant's Counsel agree to cooperate fully with one another in seeking Court entry of the *Order Concerning Notice and Scheduling* and approval of the Settlement, and to promptly agree upon and execute all such other documentation containing such terms and conditions as to which they reasonably can agree, as may reasonably be required to effect final Approval of the Settlement.

**PLAINTIFF, Dionne Caldwell**


By: _____
    Daniel S. Blinn,  ct02188
    dblinn@consumerlawgroup.com
    Matthew T. Theriault,  ct23077
    mtheriault@consumerlawgroup.com
    Sarah Poriss, ct24372
    sporiss@consumerlawgroup.com
    Consumer Law Group, LLC
    P. O. Box 1039   2138 Silas Deane Highway
    Rocky Hill, Connecticut 06067-9997
    Tel. (860) 571-0408  Fax (860) 571-7457


**DEFENDANT,** Windham Professionals, Inc. Group, Inc**.**


By: _____
    Jonathan D. Elliot,  ct18879
    Sabato Pellegrino Fiano,  ct05762
    Kleban & Samor, PC
    2425 Post Road, P.O. Box 763
    Southport, CT 06490
    Tel. (203) 254-8968 Fax. (203) 259-9617