UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIONNE CALDWELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | : : : | Civil Action Number: 3:03 CV 664 (CFD) |
| Plaintiffs | : : | **ORDER AND FINAL JUDGMENT** |
| vs. | : : | **OF DISMISSAL** |
| WINDHAM PROFESSIONALS, INC., | : | |
| Defendant | : | November 28, 2005 |

**ORDER AND FINAL JUDGMENT OF DISMISSAL**

THIS MATTER has come before this court seeking approval of the proposed settlement (the "Settlement") set forth in the *Settlement Agreement And Release (*the "*Settlement Agreement*") dated August 19, 2004 and filed with the Court. This court has considered all papers filed and proceedings had herein, and otherwise is fully informed in the matter, and has determined that the proposed Settlement set forth in the *Settlement Agreement* should be approved as fair, reasonable, and adequate. The total number of Class Members (as that term is defined in the *Settlement Agreement* ) is approximately 170. Actual notice was sent by first-class mail to all Class Members at their last known mailing addresses in Defendant's records. Additionally, Defendant attempted to obtain more recent addresses as to Class Members whose initial notices were returned as undeliverable, and then re-mailed the notices to the newer addresses. There were no objections to the Settlement and no Class Member(s) opted-out of this lawsuit.

The Court hereby enters this Final Judgment and Order of Dismissal with Prejudice (the "Final Judgment"), which constitutes a final adjudication of this matter on the merits.  Good cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over the subject matter of this lawsuit with respect to all claims asserted, and personal jurisdiction over all parties to this lawsuit.

2. The definitions of terms set forth in the *Settlement Agreement* and in the *Order Concerning Notice and Scheduling* entered by this Court on August 10, 2005 are incorporated herein as though fully set forth in this Final Judgment.

3. The Court hereby approves the Settlement set forth in the *Settlement Agreement* and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class Members, and within the authority of the parties.

4. Plaintiff, individually and on behalf of the Class Members, sought relief, *inter alia*, from Defendant's conduct allegedly undertaken in violation of the Fair Debt Collection Practices Act.  This Court reaffirms that the action satisfies the requirements of F.R.C.P. Rule 23 with respect to the Settled Claims, as more fully described in the *Settlement Agreement*.

5. Due notice was provided to all potential Class Members.  Such notice advised potential Class Members that they would be treated as Class Members unless they opted out by procedures set forth in the notice. No persons have exercised their right to opt out of the class and are therefore excluded from the scope of this Final Judgment.

6. The parties are ordered promptly to carry out their respective obligations under the *Settlement Agreement*.

7. Neither this Final Judgment nor the *Settlement Agreement* or the fact that this case has been settled (a) is an admission, concession, or indication by Defendant of the validity of any claims in this case or of any liability, wrongdoing, or violation of law by Defendant; (b) shall be used as an admission of any fault, liability or wrongdoing by Defendant; or (c) shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant in any proceeding other than such proceedings as may be necessary to consummate or enforce this *Settlement Agreement* or the provisions of any related order, notice, agreement or release, or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

8. This Court hereby dismisses this lawsuit on the merits and with prejudice against all persons who are Class Members as to all Settled Claims against Defendant, as those terms are defined in the *Settlement Agreement*.

9. All Class Members are hereby conclusively deemed to have released and discharged Defendants as to all Settled Claims. Notwithstanding the above, Plaintiff and the other Class Members have not released or discharged Defendant from performing their obligations under the *Settlement Agreement*.

10. All Class Members are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any of the Settled Claims against Defendant.

11. The "*Notice of Pendency of Class Action, Proposed Settlement and Hearing*" annexed as *Exhibit C* to the *Settlement Agreement* which sets forth the principal terms of the *Settlement Agreement*, together with the manner of distribution of said notice by first-class mail to all Class Members who could be identified through reasonable efforts as entitled to

3

compensation under the *Settlement Agreement*, constituted the best notice practicable under the circumstances. Said notice fully satisfied the requirements of F.R.C.P. Rule 23 and the requirements of state and federal constitutional due process.

12. For good cause shown, Class Counsel is collectively awarded fees of $27,000, inclusive of costs and expenses, payable by Defendant to Class Counsel within ten days following the Effective Date.

13. Plaintiff is awarded $1,500 as compensation related to her additional time, efforts and initiative in assisting prosecution of this lawsuit as class representative, payable by Defendant within ten days following the Effective Date.

14. Without affecting the finality of this judgment in any way, the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and distributions to Class Members and others; (b) disposition of Settlement funds; (c) this lawsuit until this Final Judgment becomes effective and each and every act agreed to be performed pursuant to the *Settlement Agreement* has been performed; and (d) all parties to this lawsuit and the Class Members for the purpose of enforcing and administering the *Settlement Agreement*.

15. This Order constitutes a final judgment.

DONE IN OPEN COURT this  28th  day of  November, 2005.

      /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**